## GRIFFIN, ESTATE OF, In re

Probate Court, Summit County

No 29025. Decided June 21, 1935

D. K. Larrimer, Columbus, for the Tax Commission.

S. R. Scholz, Lorain, for Lois Hayes Ricker.

### OPINION

By MAY, J.

Harriet C. Griffin died testate on or about the 21st day of September, 1933, and her last will and testament was duly admitted to probate by the Probate Court of Summit County, Ohio, on the 30th day of September, 1933.

Such last will and testament, among other provisions, contained the following:

"Fifth: I give, devise and bequeath to Lois Hayes Ricker now residing at Winterhaven, Florida, my grand-daughter by adoption, and to Harriet W. Griffin, Akron, Ohio, my grand-daughter, as joint owners, share and share alike, the following described real estate: (Here follows description of real estate)."

Said Lois Hayes Ricker was the adopted daughter of Marie Hayes, a natural daughter of said Harriet C. Griffin, now deceased.

On the 12th day of March, 1935, the Probate Court of Summit County assessed an inheritance tax in the sum of $122.50 on the succession to said Lois Hayes Ricker at the rate of 7% on her gross succession of $1750.00, allowing her no exemption.

On the 10th day of April, 1935, exceptions to the determination of such tax were duly filed by said Lois Hayes Ricker on the ground "that she is a legally adopted daughter of the now deceased Marie Hayes, a lawful born daughter during wedlock of the above named decedent, and is entitled to the exemption of Thirty-five hundred dollars ($3500) as provided by §5334, sub-paragraph 2, GC."

In order to determine the question involved in this case, it is necessary to make an analysis of §5334 GC creating the exemptions for inheritance tax purposes, and particularly of sub-paragraph 2 of such section.

Sub-paragraph 2 of §5334 provides as follows:

"When the property passes to or for the use of the father, mother, husband, adult child or other lineal descendant, or an adopted child, or person recog-

nized by the decedent as an adopted child and designated by such decedent as a legal heir under the provisions of a statute of this or any other state or country, or the lineal descendants thereof, or a lineal descendant of an adopted child, the exemption shall be three thousand five hundred dollars."

It will be observed that this section places the persons entitled to this exemption in four distinct classes, namely:

1. Father, mother, husband;
2. Adult child or other lineal descendant;
3. An adopted child or a lineal descendant of an adopted child;
4. Person recognized by the decedent as an adopted child and designated by such decedent as a legal heir under the provisions of a statute of this or any other state or country, or the lineal descendants thereof.

The exceptor claims this exemption by virtue of her being a legally adopted daughter of a natural daughter of said decedent, but by this clear wording of our statute this exemption is given only to an adopted child of the decedent or a lineal descendant of such adopted child, and does █ not include the adopted child of a lineal descendant of the decedent. The court is unable to agree with the contention that the present adoption law, regardless of its enlargement of the scope of inheritance, places the adopted daughter of a natural daughter on the same footing as a granddaughter in respect to the exemption provided for in this section.

The remaining question to consider is as to whether or not the present adoption statute places this exceptor within that portion of the statute which provides this exemption for an "adult child or other lineal descendant." The court thinks not. And while this point is not expressly raised by the exceptor, the court feels bound to consider it in order that a fair conclusion may be reached.

This section expressly makes a distinction between "an adult child or other lineal descendant of the decedent" and "an adopted child or a lineal descendant of an adopted child." The one class relates to a natural relationship by blood, and the other class relates to an artificial relationship created by the act of adoption. By the wording of this statute, the Legislature made a clear distinction between blood relation and the lineal descendant thereof and the relation created by adoption and the lineal descendant thereof.

The only distinction between the former statute on adoption and the present statute on adoption appears in the wording "but shall be capable of inheriting property expressly limited by will or by operation of law to the child or children, heir or heirs at law, or next of kin, of the adopting parent or parents, or to a class including any of the foregoing." This provision of the present statute enlarges the right and scope of inheritance of an adopted child. And all of the adoption statutes maintain the distinction between a natural child and an adopted child by the provision that "nothing in this act shall be construed as debarring a legally adopted child from inheriting property of its natural parents of other kin."

The former statute on adoption placed the adopted child on a par with a natural child with respect to inheritance from the adopting parent or parents by this language:

"And the child shall be invested with every legal right, privilege, obligation and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution to personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock."

In face of this provision of the adoption statute at the time of the enactment of §5334 GC, the Legislature saw

fit to make a distinction between the classes "adult child or other lineal descendant" and "an adopted child or a lineal descendant of an adopted child."

It is a clear rule of law that exemptions in the inheritance tax law are strictly construed. An exemption can not be read into the law, and if an exemption is not stated, none exists.

In Tax Commission v Paxson, 118 Oh St 36, at page 41, the court says:

"Statute exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory enactments."

It is therefore the conclusion and opinion of the court that the enlargement of the scope of inheritance by the present adoption statute did not place this exceptor within any class entitled to an exemption as provided by §5334 GC.

The exceptions filed by Lois Hayes Ricker will be overruled, and said Lois Hayes Ricker may have her exceptions to such order.